IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GIDGET E. MOORE,** | : | |
| Plaintiff, | : | Case No. 2:16-cv-1087 |
| v. | : | JUDGE ALGENON L. MARBLEY |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | Magistrate Judge Deavers |
| Defendant. | : | |

## OPINION & ORDER

This matter comes before the Court for consideration of Plaintiff Gidget E. Moore's Objection to Magistrate Judge Deavers's November 28, 2017 **Report and Recommendation** (ECF No. 21), which recommends that this Court overrule Ms. Moore's Statement of Specific Errors (ECF No. 13) and affirm the Commissioner of Social Security's decision. Upon independent review by this Court, and for the reasons set forth below, Ms. Moore's Objection is hereby **OVERRULED**. The Court **ACCEPTS** and **AFFIRMS** the Magistrate Judge's **Report and Recommendation**.

## I. BACKGROUND

Ms. Moore applied for security disability insurance benefits and supplemental security income in December of 2010, asserting disability caused by Post Traumatic Stress Disorder ("PTSD"), Bipolar disorder, neck and back pain, migraines, and deafness in her left ear. An Administrative Law Judge ("ALJ") denied her application in 2013, and she appealed the denial to this Court. This Court reversed the ALJ's decision and remanded for reconsideration. *Moore v. Commissioner of Social Security*, Case No. 2:14-cv-00455. Following the remand, a hearing

1

was held on June 21, 2016 in front of a different ALJ. On July 13, 2016, the new ALJ issued a decision finding that Ms. Moore was not disabled within the meaning of the Social Security Act.

In his opinion denying benefits, the ALJ conducted the required five-step sequential analysis for a disabilities benefits claim. *See* 20 C.F.R. § 416.920(a)(4).[1] At step one, the ALJ determined that Ms. Moore has not engaged in substantially gainful activity since June 16, 2010, her alleged onset date. (ECF No. 10-1 at PageID 1408).

At step two, the ALJ found that Ms. Moore had the severe impairments of lumbar spine degenerative disc disease, chronic neck pain, migraines, asthma, and anxiety and affective disorders. (*Id.* at PageID 1409). The ALJ also concluded that Ms. Moore's hearing loss,

---

[1] The five sequential steps are as follows:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 to subpart P of part 404 of this chapter and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. § 416.920(a)(4).

bilateral lateral epicondylitis, and kidney stone did not constitute a severe impairment. (*Id.* at PageID 1410).

At step three, the ALJ further found that these impairments, whether taken alone or in combination, did not meet or medically equal one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at PageID 1411).

At step four, the ALJ found that Ms. Moore has the residual functional capacity ("RFC") to perform light work as defined in 20 CFR § 404.1567(b) and § 416.967(b), subject to the following limitations:

> (1) no climbing of ropes, scaffolds or ladders; (2) occasional climbing of ramps or stairs; (3) occasional stooping, crouching, balancing, kneeling, crawling; (4) no overhead reaching and frequent reaching in all other directions; (5) exposure to no more than moderate noise; (6) no concentrated exposure to dusts, odors, fumes or other pulmonary irritants; (7) no exposure to dangerous hazards such as unprotected heights or dangerous machinery; (8) limited to performing simple, routine and repetitive tasks but not at a production rate pace or strict quota; (9) limited to simple instructions and simple work related decisions; (10) occasional interaction with supervisors and coworkers and no interaction with the public; (11) limited to a static work environment, with few changes in the work setting and no teamwork or tandem tasks.

(*Id.* at Page ID 1418). The ALJ further found that in light of the RFC, Ms. Moore was unable to perform any past relevant work. (*Id.* at PageID 1426).

At step five, the ALJ found that Ms. Moore can perform jobs that exist in significant numbers in the national economy. (*Id.*). Thus, the ALJ concluded that Ms. Moore was not disabled. (*Id.* at PageID 1427).

The Appeals Council denied Ms. Moore's request for review of the ALJ's determination on July 25, 2016, thus rendering the ALJ's benefits-denial decision the Commissioner's final agency action. Ms. Moore then filed suit in federal court, alleging in her Statement of Errors that the ALJ failed to follow the remand orders of this Court, specifically by failing to account for

3

Ms. Moore's problems maintaining concentration, persistence and pace, and neglecting to address the opinion of Dr. Warren.  Ms. Moore also argues that the RFC is not supported by substantial evidence because the ALJ failed to include the limitations outlined in Dr. McKinney's opinion in the RFC, and the ALJ erred in determining that Ms. Moore was capable of performing the sitting/standing/walking requirement of light work.  (ECF No. 13).  On November 28, 2017, the Magistrate Judge recommended that this Court overrule Ms. Moore's Statement of Errors and affirm the Commissioner's denial of benefits.  (ECF No. 21).  Ms. Moore timely objected, and the Commissioner filed a response to the objection.  (ECF Nos. 22, 23).

## II.  STANDARD OF REVIEW

Upon objection to a magistrate judge's report and recommendation, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b).  This de novo review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria."  *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013).  Substantial evidence means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted).  Substantial evidence is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury."  *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)); *see also Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (substantial evidence is "more than a scintilla of evidence but less than a preponderance")

(quotations omitted). If "substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported the opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quotation omitted).

## III. ANALYSIS

Ms. Moore objects to the Magistrate Judge's Report and Recommendation on two grounds. First, Ms. Moore argues that the ALJ did not properly follow this Court's order in the prior remand. (ECF No. 22 at 2). Second, Ms. Moore argues that the ALJ's RFC was not supported by substantial evidence. (*Id.* at 3-4). Ms. Moore requests that the Court reverse the Commissioner's denial of her benefits claim because of these alleged errors.

### A. The ALJ Properly Considered This Court's Remand Instructions.

Ms. Moore contends that the ALJ did not properly follow this Court's order remanding her claim because he did not address and evaluate the opinion of Dr. Warren. The Magistrate Judge concluded that the RFC reflects Dr. Warren's evidence that Ms. Moore "retains the ability to do complex routine work in a predictable environment where expectations are clear and consistent . . . No production or quota requirements." (ECF No. 21 at 18). The Magistrate Judge further noted that the RFC is in some respects more restrictive than Dr. Warren's findings, which included no limitations on interaction with others in the workplace. (*Id.*).

The Court's previous remand order found that the initial decision denying Ms. Moore benefits stated it gave "significant" weight to the State agency consultative psychologists as a group, but the RFC did not take into account their findings, specifically that: (1) Ms. Moore is limited to work that does not require strict production standards or quotas; and (2) Ms. Moore has moderate limitations in concentration, persistence, and pace. 2:14-cv-00455, ECF No. 21. Here, while Ms. Moore correctly points out that Dr. Warren's opinion is not addressed by name,

5

a review of the ALJ's decision reveals that he correctly considered all of the evidence, including Dr. Warren's opinion. This time around, the RFC included limitations restricting the work to: (1) "simple instructions and simple work related decisions,"; (2) only "occasional interaction with supervisors and coworkers and no interaction with the public"; and (3) a "static work environment, with few changes in the work setting and no teamwork or tandem tasks." (ECF No. 10-1 at PageID 1418). These additions adequately account for Dr. Warren's opinion that Ms. Moore retains the ability to do complex routine work in a predictable environment where expectations are clear and consistent and that she should not be required to have production or quota requirements. Indeed, it even limits the interactions with other people in the work place, despite Dr. Warren's findings that she did not need limitations on interactions with others. Thus, the Court finds that Ms. Moore's first alleged error is not well-taken and **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's finding.

## B. The RFC is Supported by Substantial Evidence.

Ms. Moore also objects to the Magistrate Judge's finding that the RFC was supported by substantial evidence for two reasons. First, she contends that the ALJ erred in rejecting a portion of Dr. McKinney's opinion, because her expressed limitations were consistent with multiple other opinions in the record. Second, Ms. Moore argues that the ALJ erred in assigning only minimal weight to Dr. Kennington's finding that Ms. Moore is not capable of performing the sitting/standing/walking requirements of light work.

In regards to the first argument, this Court agrees with the Magistrate Judge that the ALJ properly found Dr. McKinney's opinion entitled to moderate weight, rejecting some specific opinions that were not consistent with other evidence in the record. As an initial note, some of

Dr. McKinney's findings that Ms. Moore complains of are accounted for by the RFC. For example, Ms. Moore points to Dr. McKinney's conclusion that she may have difficulty retaining information to complete multi-step instructions, but the RFC specifically limits Ms. Moore's capacity to only work with "simple instructions." (ECF No. 13 at PageID 2417; ECF No. 10-1 at PageID 1418). The parts of Dr. McKinney's findings that were not accounted for the in RFC were properly excluded. The ALJ specifically found that some of Dr. McKinney's conclusions were vague and used terms such as "may" and "could." (ECF No. 10-1 at PageID 1425). The ALJ further found that some of Dr. McKinney's opinions were contradicted in the record. For example, while Dr. McKinney found that Ms. Moore's remote recall skills were marginally adequate but her short term memory skills were not strong, Dr. Wallenbrock found that Ms. Moore had average intelligence and a good memory. (ECF No. 9-8 at PageID 1118). The Court thus finds that the ALJ's decision was supported by substantial evidence and upholds the Commissioner's finding. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d at 406 (the Court must affirm the ALJ's decision if it is supported by substantial evidence, even if there is substantial evidence in the record that would have supported the opposite conclusion).

As to Ms. Moore's second argument, the Court finds that the ALJ did not err in affording only minimal weight to Dr. Kennington's findings. The ALJ specifically noted Dr. Kennington's indication that Ms. Moore should not sit, stand, or walk for more than an hour at a time, but found that the record did not support that finding. (ECF No. 10-2 at PageID 1421, 1424). Other examinations note normal muscle strength. Objective evidence, including X-rays and NWT scans, show only minimal disc space narrowing at one level and no other issues. (ECF No. 9-9 at PageID 1389, 1390, 2092). Dr. Kennington only found painful range of motion and spinal tenderness to palpation to support his determination that she could not perform prolonged sitting,

7

standing, or walking, yet his own findings state that Ms. Moore "ambulates without difficulty." (ECF No. 9-8 at PageID 1170). Given the lack of objective evidence supporting Dr. Kennington's finding, the ALJ properly afforded the determination regarding sitting/standing/walking minimal weight. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 274 (6th Cir. 2010) (finding no error in ALJ's decision to not credit portion of doctor's testimony when it was "not tied to any . . . empirical testing results, and [was] not justified by reference to findings made by other physicians.").

In sum, the ALJ fairly weighed the evidence as a whole, crediting that which was consistent with the record and discrediting that which stood as an outlier. Moreover, the ALJ appropriately explained his findings and the weight he accorded to each source. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation on this point and affirms the Commissioner's decision.

## IV. CONCLUSION

For these reasons, the Court **ACCEPTS** and **AFFIRMS** Magistrate Judge Deavers's **Report and Recommendation** (ECF No. 21), thereby **OVERRULING** Ms. Moore's objection (ECF No. 22). The Commissioner's denial of benefits is **AFFIRMED**. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

                                                                **/s/ Algenon L. Marbley**
                                                              **ALGENON L. MARBLEY**
                                                              **UNITED STATES DISTRICT JUDGE**

**DATED: March 20, 2018**